UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE COLLIER,

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION,
a Delaware corporation,

    Defendant.

___

Richard B. Tomlinson (P27604)
DRIGGERS, SCHULTZ & HERBST, P.C.
Attorneys for Plaintiff
2600 West Big Beaver Road, Suite 550
Troy, MI  48084
248.649.6000 [phone]
248.649.6442 [fax]
rtomlinson@driggersschultz.com

___

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court nor has any such action been previously filed and dismissed.

## COMPLAINT AND JURY DEMAND

Plaintiff, Darlene Collier, by her attorneys, Driggers, Schultz & Herbst, P.C., for her complaint against Defendant states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    Plaintiff is an African American female who resides in Chesterfield Township, Michigan.

2.    Defendant Bank of America Corporation ("Bank of America") is a Delaware corporation with its principal place of business in Charlotte, North Carolina, which conducts business in this judicial district.

3. Plaintiff worked for the Defendant in this judicial district.

4. Defendant was an "employer" as defined in 42 USC §2000(e)(b) of Title VII of the Civil Rights Act of 1964 and as defined in §201(a) of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2010 *et seq.*

5. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This court has federal question jurisdiction over this case pursuant to 28 USC §1331 because this action arises under the laws of the United States and, diversity jurisdiction pursuant to 28 USC §1332(a) because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and this action is between citizens of different states.

7. Venue is proper in this district pursuant to 28 USC §1391(b)(2) in that the events giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates and realleges Paragraphs 1 through 7 as though fully set forth herein.

9. Plaintiff began her employment with Bank of America or its predecessor in approximately 1987 working as a teller.

10. Plaintiff worked her way up through the ranks and the last title that she held for Bank of America was Mortgage Loan Originator.

11. Throughout the course of her employment, Plaintiff was a productive employee for Defendant and its predecessors and received favorable performance reviews.

12. During the last year and a half of her employment, Plaintiff worked as a Mortgage Loan Originator reporting to her manager, Donald Pepka, and during that time was the only African American mortgage loan originator working in Macomb County,

13. During the time that she reported to Mr. Pepka, he consistently treated her differently than white mortgage loan originators.

14. On November 28, 2008, Pepka advised Plaintiff that he was terminating her employment and that her race was a factor in the termination decision.

## COUNT I

### RACE DISCRIMINATION AND VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC §2000(e)-(2)(a)(1)

15. Plaintiff incorporates and realleges Paragraphs 1 through 14 as though fully set forth herein.

16. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment due to its predisposition or intent to discriminate based on Plaintiff's race.

17. Plaintiff's race was one of the factors which made a difference in the Defendant's treatment of the Plaintiff and the termination of the Plaintiff's employment.

18. Defendant treated Plaintiff differently than similarly situated white employees.

19. Defendant's discrimination denied Plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions and privileges of employment in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 USC §2000(e)-(2)(a)(1).

20. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer severe injuries including loss of employment, loss of compensation, loss of fringe benefits, loss of earning potential, loss of reputation, extreme embarrassment, humiliation, inconvenience, mental anguish and other incidental and consequential damages including attorney's fees.

WHEREFORE, Plaintiff requests this Court enter a judgment in her favor and against Defendant in whatever amount in excess of $75,000 Plaintiff is found to be entitled together with reinstatement, exemplary damages, costs, interest as an element of damage, statutory interest, and attorneys fees, and such other relief as the Court may deem appropriate.

COUNT II

RACE DISCRIMINATION IN VIOLATION OF
THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT,
MCLA §37.2101

21.    Plaintiff incorporates and realleges Paragraphs 1 through 20 as though fully set forth herein.

22.    Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment due to its predisposition or intent to discriminate based on Plaintiff's race.

23.    Plaintiff's race was one of the factors which made a difference in the Defendant's treatment of the Plaintiff and the termination of the Plaintiff's employment.

24.    Defendant treated Plaintiff differently than similarly situated white employees.

25.    Defendant's discrimination denied Plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions and privileges of employment in violation of the provisions of the Elliott-Larsen Civil Rights Act.

26.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer severe injuries including loss of employment, loss of compensation, loss of fringe benefits, loss of earning potential, loss of reputation, extreme embarrassment, humiliation, inconvenience, mental anguish and other incidental and consequential damages including attorney's fees.

WHEREFORE, Plaintiff requests this Court enter a judgment in her favor and against Defendant in whatever amount in excess of $75,000 Plaintiff is found to be entitled together with reinstatement, exemplary damages, costs, interest as an element of damage, statutory interest, and attorneys fees, and such other relief as the Court may deem appropriate.

## COUNT III

### RACE DISCRIMINATION IN VIOLATION OF 42 USC §1981

27. Plaintiff incorporates and realleges Paragraphs 1 through 26 as though fully set forth herein.

28. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment due to its predisposition or intent to discriminate based on Plaintiff's race.

29. Plaintiff's race was one of the factors which made a difference in the Defendant's treatment of the Plaintiff and the termination of the Plaintiff's employment.

30. Defendant treated Plaintiff differently than similarly situated white employees.

31. Defendant's discrimination and denial of equal rights under the law denied Plaintiff the opportunity for continued employment and adversely affected her compensation, terms and privileges of employment in violation of 42 USC §1981.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer severe injuries including loss of employment, loss of compensation, loss of fringe benefits, loss of earning potential, loss of reputation, extreme embarrassment, humiliation, inconvenience, mental anguish and other incidental and consequential damages including attorney's fees.

WHEREFORE, Plaintiff requests this Court enter a judgment in her favor and against Defendant in whatever amount in excess of $75,000 Plaintiff is found to be entitled together with reinstatement, punitive and exemplary damages, costs, interest as an element of damage, statutory interest, and attorneys fees, and such other relief as the Court may deem appropriate.

Respectfully submitted

DRIGGERS, SCHULTZ & HERBST, P.C.

By: s/Richard B. Tomlinson_____
Attorneys for Plaintiff
2600 W. Big Beaver Rd., Suite 550
Troy, MI 48084
248.649.6000
P27604
rtomlinson@driggersschultz.com

Dated: September 10, 2010

## JURY DEMAND

Plaintiff herein demands trial by jury.

Respectfully submitted

DRIGGERS, SCHULTZ & HERBST, P.C.

By: s/Richard B. Tomlinson_____
Attorneys for Plaintiff
2600 W. Big Beaver Rd., Suite 550
Troy, MI 48084
248.649.6000
P27604
rtomlinson@driggersschultz.com

Dated:  September 10, 2010